**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

ROLAND SCOTT, JR.,

      Petitioner,

v.                                          Case No. 5:22-cv-00600

WARDEN W. HOLZAPFEL,[1]

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Roland Scott, Jr.'s (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 2), and this civil action, for lack of jurisdiction.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

**A.    Petitioner's conviction and prior post-conviction filings.**

On November 6, 2018, pursuant to a written plea agreement, Petitioner pled guilty in the United States District Court for the Western District of Wisconsin to of one count

---

[1] Due to the change in Warden at FCI Beckley, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to modify the name of the Respondent on the docket sheet.

of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). *See United States v. Scott*, Case No. 18-cr-112 (W.D. Wisc. Nov. 6, 2018), ECF Nos. 20, 21. According to court records, Petitioner was previously convicted in Wisconsin in 2006 of a felony offense of substantial battery with intent to cause bodily harm, for which he was sentenced to three years and six months of probation. *Id.*, ECF No. 73 at 2.

On January 15, 2019, Petitioner was sentenced by the Wisconsin district court to a 96-month term of imprisonment. *Id.*, ECF No. 42. On January 16, 2019, Petitioner filed a Notice of Appeal, which challenged only a provision concerning his conditions of supervised release. *Id.*, ECF No. 43. On February 26, 2020, the Seventh Circuit affirmed Petitioner's judgment. *United States v. Scott*, No. 19-1124 (7th Cir. Feb. 26, 2020). *Id.*, ECF No. 57.

On May 20, 2020, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 asserting, *inter alia*, ineffective assistance of appellate counsel for failing to mount a challenge to his conviction based upon the Supreme Court of the United States' decision in *Rehaif v. United States*, 129 S. Ct. 2191 (2019), which was decided while his appeal was pending. *Id.*, ECF No. 58. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Thus, *Rehaif* represents a change in interpretation of the statutory elements necessary to be convicted under §§ 922(g) and 924(a)(2).

On June 29, 2021, the district court denied Petitioner's § 2255 motion, finding that his *Rehaif* and ineffective assistance of counsel claims lacked merit and further denying a certificate of appealability.    *See Scott v. United States*, Case No. 2:20-cv-472; 2:18-cr-112, 2021 WL 2682709, *4-*5 (W.D. Wisc. June 29, 2021).    The Seventh Circuit also denied a certificate of appealability and dismissed Petitioner's appeal.    *Scott v. United States*, No. 21-2318, 2022 WL 4091427, at *1 (7th Cir. Apr. 15, 2022), *cert. denied*, 214 L. Ed. 2d 150, 143 S. Ct. 335 (2022).

On December 27, 2022, Petitioner filed the instant § 2241 petition, again asserting that his conviction is improper based upon *Rehaif* because he allegedly did not know of his prohibited status when he possessed the firearms and ammunition, and he claims that he would not have pled guilty had he been properly advised of that required element.    He further asserts that his prior state court conviction was subject to challenge under *Johnson v. United States*, 135 S. Ct. 2551 (2015).    Petitioner further claims that his trial and appellate counsel ineffectively failed to raise and argue these issues.    (ECF No. 2 at 5-7).[2]    Because it is apparent from the face of the petition that Petitioner is not entitled to the relief he seeks, the undersigned has not required Respondent to respond to the petition and it should be summarily dismissed.

---

2    To the extent that Petitioner is attempting to challenge his conviction under *Johnson* herein, that decision, which is a new rule of constitutional law, was decided in 2015, prior to Petitioner's conviction and sentencing in the Western District of Wisconsin.    Thus, Petitioner could and should have made such a challenge in his underlying criminal proceedings or in his direct appeal therefrom.    Thus, such a challenge is improper for consideration in the instant § 2241 petition.    The same is true with respect to his claims of ineffective assistance of counsel, which were available to him and raised in some fashion in his initial § 2255 proceedings and, thus, are barred from consideration in this § 2241 matter.

## ANALYSIS

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.   28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255.   In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which made significant reforms to the federal post-conviction review process for both state and federal prisoners.   As relevant here, AEDPA restricted the filing of second or successive § 2255 motions to those motions that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 US.C. § 2255(h).

Petitioner's *Rehaif* claim challenges the validity of his § 922(g)(1) conviction, not the execution of his sentence.   Thus, it would be appropriately brought in a § 2255 motion.   However, Petitioner previously filed an unsuccessful § 2255 motion.   Thus, he is procedurally barred from filing another § 2255 motion unless he demonstrate that his claim is based upon "newly discovered evidence," or "a new rule of constitutional law." *See* 28 §§ 2255(h)(1) and (2).   However, another AEDPA provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

4

> him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).   This section is known as the "savings clause" and permits a prisoner to seek relief under § 2241 instead of § 2255.

Accordingly, for Petitioner to pursue relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   The mere fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention.   *Id.* at 332.   Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Courts have struggled with ascertaining when § 2255 is "inadequate or ineffective," resulting in a split of authority among the federal circuit courts.   However, on June 22, 2023, the Supreme Court decided *Jones v. Hendrix*, No. 21-857, 599 U.S. ___, ___ S. Ct. ___, 2023 WL 4110233, at *3 (2023), which held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."   *Id.* at *5.   The Court emphasized that "[t]he inability of a prisoner with a statutory claim to satisfy [the conditions of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause.   It means that he cannot bring it at all." *Jones*, 2023 WL 4110233, at *9.

5

As noted above, the decision in *Rehaif* is a change in statutory interpretation. Thus, it will not permit Petitioner to meet the savings clause criteria and this court lacks jurisdiction to consider his claim under § 2241. *Id.* at \*4-5; C*ovington v. Andrews*, No. 22-7118, 2023 WL 4701179 (4th Cir. July 24, 2023) (affirming dismissal of § 2241 petition mounting successive collateral attack grounded in change of statutory interpretation for lack of jurisdiction); *Hall v. Hudgins*, No. 22-6208, 2023 WL 4363658 (4th Cir. July 6, 2023) (same). The Fourth Circuit has instructed that such petitions should be dismissed without prejudice. *See Clark v. Lieu*, No. 22-6846, 2023 WL 4676854, at \*1 (4th Cir. July 21, 2023) quoting *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (recognizing that dismissal based on "defect in subject matter jurisdiction . . . must be one without prejudice.") Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the criteria of 28 U.S.C. § 2255(e) to have the present petition considered by this federal court under § 2241 and the proper resolution is to dismiss the petition without prejudice.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 2), and this civil action, for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under

Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

July 28, 2023

Dwane L. Tinsley
United States Magistrate Judge

7